J-S18029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH A. SHUMAN, | |
| Appellant | No. 1769 EDA 2014 |

Appeal from the Judgment of Sentence entered April 8, 2014,
and amended May 9, 2014,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0001344-2013

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                 **FILED MARCH 23, 2015**

Joseph A. Shuman ("Appellant") appeals from the judgment of sentence imposed after he pled *nolo contendere* to one count of criminal attempt to commit first degree murder, one count of arson, and three counts of recklessly endangering another person ("REAP").[1]  We affirm.

On April 8, 2014, the trial court sentenced Appellant to 84-168 months on the criminal attempt to commit first degree murder conviction, and a consecutive 42-84 months on the arson conviction, for an aggregate sentence of 126-252 months of imprisonment.  The trial court sentenced Appellant to a total of 3 years of probation on the REAP convictions.

---

[1] 18 Pa.C.S.A. §§ 901, 2502(a), 3301, and 2705, respectively.

Appellant filed a motion for reconsideration in which he sought merger of all convictions.

The trial court convened a hearing on Appellant's motion for reconsideration on May 9, 2014. At the conclusion of the hearing, the trial court modified Appellant's sentence as follows:

> And now, this 9th day of May, 2014, after hearing on [Appellant's] Motion for Reconsideration of Sentence, [Appellant's] request to merge the charges of Arson with that of Attempted Homicide is Denied. [Appellant's] request for merger with respect to the Amended Counts X, XI, and XII, pertaining to Recklessly Endangering Another Person, is Granted and the probationary sentences imposed with respect to Amended Counts X, XI, and XII, are hereby Vacated. All other terms and conditions of this Court's sentencing Order dated April 8, 2014 shall remain in full force and effect, with the total aggregate sentence calculated to be not less than 126 months nor more than 252 months to be served in a State Correctional Institution, no probation shall follow thereafter.

N.T., 5/9/14, at 8.

Appellant filed a timely appeal in which he presents two related issues for our review:

> I.    Whether the [trial] court erred by not merging the charges of arson and attempted homicide at the time of sentencing as these are constituent offenses that would require merger?
>
> II.    Was this an illegal sentence because of the failure to merge the sentences for arson and attempted homicide?

Appellant's Brief at 4.

The trial court asserts that Appellant's issues are waived because Appellant "failed to serve the [trial court] with the statement no later than

- 2 -

twenty-one (21) days from the date of the Order." Statement Pursuant to Pa.R.[A.]P. 1925(a). Our review of the certified record reveals that on June 10, 2014, the trial court directed Appellant's compliance with Pa.R.A.P. 1925(b). On June 27, 2014, Appellant filed his concise statement of errors complained of on appeal with the Monroe County Clerk of Courts. Although Appellant timely filed his Pa.R.A.P. 1925(b) statement with the Clerk of Courts, the trial court maintains that Appellant's failure to serve the trial court results in waiver. *See* Pa.R.A.P. 1925(b)(1) (providing that an appellant "shall file of record the Statement and concurrently shall serve the judge"); *Shaefer v. Aames Capital Corp.*, 805 A.2d 834, 835 (Pa. Super. 2002) (holding that the appellant's "failure to serve on the trial court a Rule 1925(b) statement after being directed to do so" results in waiver of all issues). Merger, however, is a nonwaivable challenge to the legality of a sentence. *Commonwealth v. Pettersen*, 49 A.3d 903, 911 (Pa. Super. 2012). The issue is a pure question of law, allowing for plenary review. *Id*.

Although the trial court focused on waiver, it also referenced the May 9, 2014 notes of testimony, and maintained it "thoroughly and adequately addressed the [merger] issues raised by [Appellant]." Statement Pursuant to Pa.R.[A.]P. 1925(a), at 1-2. Upon review, we agree that Appellant's merger issues are without merit.

Within his appellate brief, Appellant fails to reference 42 Pa.C.S.A. § 9765, which addresses merger and provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

The question is "not simply whether a criminal 'committed one act or many.' Rather, the important question is whether 'each offense requires proof of a fact which the other does not'; if this test is satisfied, there is no merger." *Commonwealth v. Payne*, 868 A.2d 1257, 1263 (Pa. Super. 2005) (citation omitted).

Criminal attempt to commit first degree murder, to which Appellant pled *nolo contendere*, is defined in 18 Pa.C.S.A. §§ 901 and 2502 as follows:

> **(a) Definition of attempt.--**A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

> \* \* \*

> **(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

In contrast, the count of arson to which Appellant pled *nolo contendere* is defined at 18 Pa.C.S.A. § 3301:

> **(a) Arson endangering persons**.--

> (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; …

It is apparent that criminal attempt to commit first degree murder and arson do not merge because the offense of criminal attempt to commit first degree murder "requires proof of a fact which" arson does not – and vice versa.  ***Payne, supra***.  At the hearing on Appellant's motion for reconsideration, the Commonwealth explained:

[T]he distinction between the attempted homicide, that's on murder in the first degree, and the arson is clear, for the arson, Your Honor, you have to intentionally start a fire.  For attempted homicide, you have to willfully, deliberately, or premeditate a killing of another human being.  Those are completely separate elements, they are not included in either offense, and so I would submit to you, Your Honor, under the clear language of the statute that we have … [the two offenses] do not merge for sentencing purposes and Your Honor was correct in sentencing [Appellant] separately on the attempted homicide and arson charge[s].

N.T., 5/9/14, at 6.

Based on the foregoing, we find Appellant's merger issues regarding trial court error and the legality of the sentence to be meritless, and therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2015